# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FEED THE KIDS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-860-G** |
| | ) | |
| **LINDEL FIELDS, Oklahoma State** | ) | |
| **Superintendent of Public Instruction,** | ) | |
| **in his official capacity, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

On April 20, 2026, Plaintiff Feed the Kids, Inc. ("FTK") initiated this action by filing a Complaint for Declaratory and Injunctive Relief (Doc. No. 1).  FTK raises claims against two defendants: Lindel Fields, Oklahoma State Superintendent of Public Instruction, and Kassi Reddell, Child and Adult Care Food Program Manager at the Oklahoma State Department of Education.

FTK also filed an Application (Doc. No. 2), seeking entry of a temporary restraining order and preliminary injunctive relief, and a Notice of Supplemental Evidence (Doc. No. 5).  In accordance with the Court's Order of April 24, 2026 (Doc. No. 9), Defendants have filed a Response (Doc. No. 10), and FTK has replied (Doc. No. 11).

Having reviewed the relevant record, the Court finds that a stay of this matter is appropriate for the reasons outlined herein.

I.      *Background and State-Court Action*

FTK is an Oklahoma not-for-profit corporation that participates in the Child and Adult Care Food Program ("CACFP"), which is a federal program administered by the United States Department of Agriculture and governed by title 7, part 226 of the Code of Federal Regulations.   Compl. ¶¶ 6, 9.   FTK participates in CACFP as a sponsor of meal-service sites and an administrator of meal services.   *Id.* ¶ 6.   FTK "relies on CACFP reimbursement as its sole source of operating revenue."   *Id.*

Defendant Fields "is the state official responsible for administration of CACFP within Oklahoma through the Oklahoma State Department of Education ('OSDE')."   *Id.* ¶ 7.   Defendant Reddell, as the CACFP Program Manager at OSDE, "is responsible for implementation of program policies including administrative review and hearing procedures."   *Id.* ¶ 8.

On January 28, 2026, OSDE sent FTK a "Notice of Serious Deficiency and Notice of Proposed Suspension" (the "FTK Notice").   *Id.* ¶ 14; *id.* Ex. 2, FTK Notice (Doc. No. 1-2).   The FTK Notice, among other actions, (i) assessed an overclaim and demand for payment against FTK in the amount of $344,939.33 pursuant to 7 C.F.R. § 226.14(a); and (ii) informed FTK that OSDE was proposing to suspend FTK's participation in CACFP, beginning February 6, 2026, "for knowingly submitting false or fraudulent claims."   FTK Notice at 1-2 (citing 7 C.F.R. § 226.6(c)(5)(ii)).

The FTK Notice informed FTK that it could "appeal" the proposed suspension by submitting a request for a review of records or a request for a hearing before an

2

administrative law judge ("ALJ").  *Id.* at 2.[1]  Attached to the FTK Notice was a copy of OSDE's suspension review procedure, which states: "The institution may request a hearing.  Upon receipt of a request for a hearing, [OSDE] must contract with an ALJ to conduct the hearing." *Id.* at 2; Compl. Ex. 8, OSDE Review Proc. (Doc. No. 1-8) at 1; *see* Compl. ¶ 12.  "The written request for a review of records or for a hearing must be received by [OSDE] no later than 15 calendar days from the date the institution receives the notice."  OSDE Review Proc. at 1.

FTK thereafter submitted to OSDE a letter disputing the allegations of the FTK Notice and requesting a hearing before an ALJ from the Office of the Oklahoma Attorney General.  *See* Compl. ¶ 15; *id.* Ex. 3, Pl.'s Dispute Letter (Doc. No. 1-3) (dated February 6, 2026).  On February 13, 2026, OSDE issued a "Denial of Appeal," informing FTK that its request was denied because the Dispute Letter had not been timely received within 15 calendar days from the date FTK received the FTK Notice.  Compl. ¶ 16; *see id.* Ex. 4, OSDE Denial of App. (Doc. No. 1-4).  On February 20, 2026, OSDE informed FTK's counsel that OSDE would not stay further action.  Compl. ¶ 17.

On February 23, 2026, FTK filed a Petition in the District Court of Pittsburg County, Oklahoma, against OSDE, seeking judicial review of the OSDE's determination pursuant to title 75, section 318 of the Oklahoma Statutes.  *Id.* ¶ 18; *see Feed the Kids Inc. v. Okla. State Dep't of Educ.*, No. CV-2026-26 (Pittsburg Cnty. Dist. Ct. Feb. 26, 2026) (pet.).[2]

---

[1] Although the FTK Notice refers to an "appeal," the governing regulation provides that an institution may request a "review" of the state agency's proposed suspension.  7 C.F.R. § 226.6(c)(5)(ii)(C).

[2] The Court takes judicial notice of the docket and filings in FTK's state-court action,

On that same date, the state court issued an Emergency Temporary Restraining Order finding that FTK's request was timely submitted to OSDE and ordering OSDE to contract with an ALJ to conduct a hearing on the overclaim appeal. Compl. ¶ 18; *see id.* Ex. 5, Pittsburg Cnty. Emerg. TRO (Doc. No. 1-5).

On March 3, 2026, following argument from both FTK and OSDE, the state court entered a Minute Order "grant[ing] temporary injunctive relief" "to the extent this case is properly before an administrative law judge for determination of the issues raised in the Plaintiff's pleadings." Compl. Ex. 6, Pittsburg Cnty. Minute Order (Doc. No. 1-6).

As of this date, litigation remains ongoing in the Pittsburg County District Court action. *See* Compl. ¶¶ 20-21. OSDE has moved to dismiss the Petition, and on April 9, 2026, FTK filed an Emergency Supplemental Application asking the state court to clarify and enforce its Emergency Temporary Restraining Order and Minute Order and to prohibit OSDE from taking any step to terminate or interfere with FTK's operations. *See Feed the Kids Inc.*, No. CV-2026-26 (Pittsburg Cnty. Dist. Ct. Apr. 9, 2026) (pet'r's appl.). OSDE's motion to dismiss is set for hearing on May 15, 2026. Defs.' Resp. at 9.

II.    *The Federal Lawsuit*

In its Complaint, FTK alleges that OSDE has failed to comply with the state court's two orders and that Defendants' "ongoing refusal to provide any administrative hearing, combined with their stated intent to terminate FTK's CACFP participation before any hearing occurs, constitutes a continuing violation of federal law and the Constitution."

---

which are publicly available through http://oscn.net.

Compl. at 3.    FTK asserts the following claims, arising in whole or in part from Defendants' refusal to provide an administrative hearing: (1) violation of "7 C.F.R. § 226.6(k)(6)(i)";[3]  (2) violation of procedural due process under the Fourteenth Amendment; (3) preemption of Defendants' timeliness determination based upon a conflict with federal law; and (4) Defendants' conduct is beyond the scope of their federally delegated authority. *Id.* ¶¶ 26-40.

FTK's Complaint and Application seek a temporary restraining order ("TRO") and preliminary injunction to enjoin Defendants from taking adverse action against FTK's CACFP participation and compelling Defendants to refer FTK's request for a hearing to an ALJ; a declaratory judgment that Defendants' refusal to provide a hearing violates federal law, the Supremacy Clause, and the Due Process Clause of the Fourteenth Amendment; a permanent injunction compelling Defendants to provide FTK with an administrative hearing and prohibiting retaliation against FTK for seeking judicial relief; and attorney's fees and costs.   *See id.* at 17-18.

III.    *Whether the Court Should Exercise Jurisdiction over This Matter*

In recognition of the ongoing Pittsburg County District Court proceedings and the Supreme Court's directive "that a district court may, and sometimes must, abstain from hearing a matter that otherwise finds a statutory basis for subject matter jurisdiction," the

---

[3] FTK repeatedly relies upon "section 226.6(k)(6)(i)" as "stat[ing]" in a "clear and mandatory" directive that "the state agency 'shall provide a hearing' upon receipt of a timely request for administrative review."   Compl. at 2, 13-14 ("The word 'shall' is not permissive."); *see also id.* ¶ 10; Pl.'s Appl. at 5; Pl.'s Reply at 1, 8, 12.   Section 226.6 does not contain a subsection "(k)(6)(i)," however.   Nor does the phrase "shall provide a hearing" appear anywhere in that regulation.

Court asked the parties to address the Court's exercise of jurisdiction in this matter. *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 667 (10th Cir. 2020) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005)); *see* Order of Apr. 24, 2026, at 2; *see also D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013) ("[A] court may raise the issue of abstention *sua sponte*.").

Defendants argue that "[c]omity dictates that this Court should abstain from these proceedings." Defs.' Resp. at 9-10. FTK disagrees, arguing that abstention is not warranted under *Younger v. Harris*, 401 U.S. 37 (1971). *See* Pl.'s Reply at 3-6.

The record before the Court does not squarely raise the question of *Younger* abstention but, rather, the question of whether the Court should defer its exercise of jurisdiction under the *Colorado River* doctrine in order to "avoid[] . . . duplicative litigation." *D.A. Osguthorpe Fam. P'ship*, 705 F.3d at 1233. "The *Colorado River* doctrine applies to 'situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts.'" *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (omission in original) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also CNSP, Inc. v. City of Santa Fe*, 753 F. App'x 584, 587 & n.2 (10th Cir. 2018).

"It is well-established that federal courts have the power to refrain from hearing, among other things, cases which are duplicative of a pending state proceeding." *D.A. Osguthorpe Fam. P'ship*, 795 F.3d at 1233 (internal quotation marks omitted). "[T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court," which must exercise such discretion "under the relevant standard prescribed by"

the Supreme Court.    *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1,

19 (1983).

> The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.

*Fox*, 16 F.3d at 1080 (alteration and internal quotation marks omitted).    "Although not a

true form of abstention, the doctrine is treated as a variety of abstention and is governed by

the general principle that abstention from the exercise of federal jurisdiction is the

exception, not the rule."    *Id.* (alteration, citation, and internal quotation marks omitted).

A court thus may decline to exercise jurisdiction pursuant to *Colorado River* "only in

exceptional circumstances."    *Id.* at 1081 (internal quotation marks omitted).

### A.  Whether the State and Federal Proceedings Are Parallel

As a threshold matter, the Court finds that FTK's lawsuits in state court and in

federal court are "parallel," as they reflect "substantially the same parties litigat[ing]

substantially the same issues in different forums." *Id.*   As to the parties, in Pittsburg

County District Court, FTK seeks relief against OSDE; here, FTK has named as defendants

Lindel Fields, "the chief executive officer" of OSDE,[4] and Kassi Reddell, an employee of

OSDE, both in their official capacities.  As "a suit against a state official in his or her

official capacity is not a suit against the official but rather is a suit against the official's

office," any distinction here between OSDE and that agency's officials does not appear

---

[4] Oklahoma State Department of Education, *About OSDE*,
https://oklahoma.gov/education/about.html (Mar. 9, 2026).

material.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).   Further, in analyzing whether proceedings are parallel, "exact identity of parties and issues is not required."  *United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002).

The parties also are "litigat[ing] substantially the same issues" in both forums. *Fox*, 16 F.3d at 1081.  At the core of both actions is FTK's argument that, pursuant to OSDE's proper administration of federal requirements, FTK is entitled to a hearing in front of an ALJ regarding the FTK Notice and the threat of FTK's suspension from CACFP.   In each lawsuit, FTK seeks an order directing OSDE to contract with an ALJ to provide such a hearing and preventing OSDE from terminating FTK's participation in CACFP. *Compare* Compl. at 17-18, *with* Pet. ¶¶ 17-20, *and* Pet'r's Emer. Suppl. Appl. at 6.

Having examined both actions "as they actually exist," it is evident that "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between" FTK and OSDE.  *Fox*, 16 F.3d at 1081 (emphasis and internal quotation marks omitted).   Accordingly, the Court finds that the proceeding in the District Court of Pittsburg County, Oklahoma, and the instant lawsuit are parallel for purposes of the *Colorado River* doctrine.

### B. Whether Deference to the State-Court Proceedings Is Appropriate

In determining "whether extraordinary circumstances warrant withholding the exercise of federal jurisdiction," the Court considers several nonexclusive factors:

> (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction.  The Court discussed several other factors in *Moses H. Cone*, such as the vexatious or reactive nature of either the federal or the state

action, whether federal law provides the rule of decision, and the adequacy of the state court action to protect the federal plaintiff's rights.

No single factor is dispositive; the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. Rather than use the factors as a mechanical checklist, a court should engage in a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.

*Fox*, 16 F.3d at 1082 (alteration, citations, and internal quotation marks omitted).

FTK essentially asks this Court to enforce or re-issue the orders already entered by the Pittsburg County District Court, despite ongoing proceedings in that state court, on the basis that "[s]tate court relief has proven insufficient to compel compliance." Compl. at 3. Taking into consideration the relevant factors from those above, this Court finds FTK's request for such "[f]ederal intervention" should be denied at this time. *Id.*

First, there has been no showing that the state-court action is inadequate to protect FTK's rights. Indeed, FTK has a pending request for relief before the state court, which has the authority to "set aside," "modify," or "reverse" the final orders of OSDE. Okla. Stat. tit. 75, § 322(1); *see* Pet'r's Emer. Suppl. Appl. at 1-6. And FTK and OSDE both have the right to seek review of any final judgment issued in the state district court by filing an appeal to the Oklahoma Supreme Court. *See* Okla. Stat. tit. 75, § 323.

Also important is the fact that the state court "obtained jurisdiction" on February 23, 2026—well before this federal action was filed. *Fox*, 16 F.3d at 1082. And FTK seeking relief before two courts based upon its view of OSDE's administrative obligations "risks piecemeal litigation of the critical issues," as well as a danger of inconsistent determinations. *Burroughs v. Walgreen Co.*, No. CIV-11-102-D, 2011 WL 1743689, at

9

*4 (W.D. Okla. May 5, 2011). "[T]he avoidance of duplicative litigation . . . is at the core of the *Colorado River* doctrine." *D.A. Osguthorpe Fam. P'ship*, 705 F.3d at 1233.

Having balanced the applicable factors, the Court concludes that deferral will serve the interest of "wise judicial administration." *Colo. River Water Conservation Dist.*, 424 U.S. at 818. "[S]imply put, the federal court should stay out of the still-unfolding state-court controversy." *D.A. Osguthorpe*, 705 F.3d at 1226. The Court will therefore "stay the federal action pending the outcome of the state proceedings," in accordance with the guidance of the Tenth Circuit. *Fox*, 16 F.3d at 1083.

## CONCLUSION

For the foregoing reasons, this action shall be and is hereby STAYED pursuant to the *Colorado River* doctrine. Plaintiff Feed the Kids, Inc.'s Application (Doc. No. 2) is DENIED AS MOOT, without prejudice to its reassertion.

The Clerk of the Court is directed to administratively terminate this case in her records. The case shall remain administratively closed for 120 days, subject to the right of any party to file a stipulation of dismissal or, for good cause shown, to move to reopen the case for any purpose necessary to obtain a final determination of the action.

Prior to the termination of the 120-day administrative closure period, the parties shall jointly or separately notify the Court of the status of the Pittsburg County District Court lawsuit and any need to extend the closure period herein. If the parties do not so notify the Court, this action will be deemed to be dismissed without prejudice.

10

IT IS SO ORDERED this 30th day of April, 2026.

CHARLES B. GOODWIN
United States District Judge